IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST BANK, a Missouri banking corporation, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HASSAN A. ABRAHIM D/B/A USA )<br>ENTERPRISES, )<br>)<br>Defendant. ) | No. 3:13-cv-00113-JPG-DGW |

## **JUDGMENT**

For the reasons set forth in the Court's order entered on May 31, 2013 (Doc. 20), plaintiff is entitled to Judgment on its Complaint.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a judgment of foreclosure and sale is hereby granted to plaintiff and against defendant, Hassan A. Abrahim, pursuant to Count I of plaintiff's Complaint.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff shall have and recover of defendant, Hassan A. Abrahim, the sum of $511,672.72 and judgment for such amount is hereby entered against him on Count II of plaintiff's Complaint. The amount of such judgment is calculated as follows:

$493,130.78 – Amount due as of January 15, 2013

14,554.54 – Interest accruing from January 15, 2013 to June 6, 2013

3,515.00 – Reasonable attorney fees

350.00 – Filing fee

55.00 – Service fee

31.00 – Recording fee

    <u>    36.40</u> – Active duty military search

$511,672.72 – TOTAL

IT IS FURTHER ORDERED, ADJUDGED AND DECREED as follows:

A.    Unless there shall be paid to plaintiff within thirty days from the date this Judgment is entered the sum of $511,672.72, together with interest thereon and advances and expenses, including reasonable attorney fees, if any, allowed to plaintiff hereafter, the interest of defendant and of anyone claiming by, through or under him in or to the mortgaged real estate shall be foreclosed and deemed terminated, and such real estate, together with all improvements thereon and appurtenances thereto, shall be sold at public sale to the highest and best bidder by the United States Marshal, or his designated agent, at such time and place as may hereafter be designated by the Marshal on request of plaintiff, on the terms and in the manner hereinafter set forth.   The thirty day period provided above is based on the admissions in defendant's answer that (1) the real estate is not "residential" within the meaning of 735 ILCS 5/15-1219, as defendant does not reside thereon and (2) defendant executed the Assignment of Rents described in Exhibit C of the Complaint, which instrument includes an express waiver of redemption rights.   The mortgaged real estate is more particularly described as follows:

> **PARCEL 1:**
> <u>TRACT 1</u>:
> LOT NO. 7 OF "14TH ADDITION TO GLEN ADDIE TERRACE, BEING PART LOT 6 IN SECTION 12, T1N, R8W 3RD P.M., ST. CLAIR COUNTY, ILLINOIS"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS "68" ON PAGE 91.
>
> EXCEPT THAT PART OF LOT NO. 7 DESCRIBED AS FOLLOWS, TO-WIT: COMMENCING THE SURVEY THEREOF AT THE NORTHEAST CORNER OF SAID LOT NO. 7; THENCE IN A SOUTHERLY DIRECTION ALONG THE EAST LINE OF SAID LOT NO. 7, A DISTANCE OF 86.0 FEET TO A POINT; SAID POINT BEING THE POINT OF BEGINNING OF THE TRACT HEREIN BEING DESCRIBED; CONTINUING THENCE SOUTHERLY ALONG SAID

LAST DESCRIBED COURSE A DISTANCE OF 133.33 FEET TO THE SOUTHEAST CORNER OF SAID LOT NO. 7; RUNNING THENCE IN A SOUTHWESTERLY DIRECTION ALONG THE SOUTHEASTERLY LINE OF SAID LOT NO. 7 AND MAKING A COUNTERCLOCKWISE ANGLE WITH THE LAST DESCRIBED COURSE OF 115°48' A DISTANCE OF 17.30 FEET TO A POINT; RUNNING THENCE NORTHWESTERLY ALONG THE SOUTHWESTERLY LINE OF SAID LOT NO. 7 AND MAKING A COUNTERCLOCKWISE ANGLE WITH THE LAST DESCRIBED COURSE OF 123°04' A DISTANCE OF 167.07 FEET TO A POINT IN THE EASTERLY RIGHT OF WAY LINE OF A PUBLIC ROAD KNOWN AS "GLEN ADDIE COURT"; SAID RIGHT OF WAY LINE BEING ON A CURVE HAVING A RADIUS OF 50.0 FEET; RUNNING THENCE IN A NORTHERLY DIRECTION ALONG SAID RIGHT OF WAY LINE THE CHORD OF WHICH MEASURED AT A COUNTERCLOCKWISE ANGLE TO THE LAST DESCRIBED COURSE OF 144° 27' IS 25.95 FEET TO A POINT; RUNNING THENCE NORTHEASTERLY ALONG A LINE MAKING A COUNTERCLOCKWISE ANGLE WITH THE LAST DESCRIBED COURSE OF 108° 39' A DISTANCE OF 45.90 FEET TO A POINT; RUNNING THENCE IN AN EASTERLY DIRECTION ALONG A LINE MAKING A COUNTERCLOCKWISE ANGLE WITH THE LAST DESCRIBED COURSE OF 138° 02' A DISTANCE OF 135.0 FEET TO THE POINT OF BEGINNING.

EXCEPT THE COAL, OIL, GAS AND OTHER MINERALS UNDERLYING SAID PREMISIS AND THE RIGHT TO MINE AND REMOVE SAME.

TRACT 2:
EASEMENT FOR THE BENEFIT OF TRACT ONE AS RESERVED IN WARRANTY DEED FROM RONALD L. NOBLE AND JANET N. NOBLE, HIS WIFE, EACH IN HIS AND HER OWN RIGHT AND AS SPOUSE OF THE OTHER, TO DAVID L. KELSHEIMER AND PHYLLIS A. KELSHEIMER, HIS WIFE, DATED MARCH 23, 1978, AND RECORDED MARCH 28, 1978, AS DOCUMENT A584472 IN BOOK 2440 ON PAGE 410, FOR THE PURPOSE OF INGRESS AND EGRESS OVER THE FOLLOWING DESCRIBED REAL ESTATE, TO-WIT:
A STRIP OF LAND 20.0 FEET IN WIDTH LYING 10.0 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED LINE, TO-WIT:

COMMENCING THE SURVEY THEREOF AT A POINT ON THE EAST LINE OF SAID LOT 7; SAID POINT BEING 86.0 FEET SOUTH OF THE NORTHEAST CORNER OF SAID LOT; SAID POINT BEING THE POINT OF BEGINNING OF THE LINE HEREIN INTENDED TO BE DESCRIBED; RUNNING THENCE WEST WARDLY AT RIGHT ANGLES A DISTANCE OF 135.0 FEET TO A POINT; RUNNING THENCE IN A SOUTHWESTERLY DIRECTION ALONG A LINE MAKING A CLOCKWISE ANGLE WITH THE LAST DESCRIBED COURSE OF 138° 02' A DISTANCE OF 45.90 FEET TO A POINT IN THE NORTHEASTERLY RIGHT OF WAY LINE OF SAID 'GLEN

ADDIE COURT'; SAID POINT BEING THE END OF THE LINE HEREIN DESCRIBE.

EXCEPTING THAT PART FALLING WITHIN TRACT ONE.

PERMANENT PARCEL NO.: 08-12-0-313-006

COMMONLY KNOWN AS: 2632 SIERRA DRIVE, SHILOH, ILLINOIS

**PARCEL 2:**
LOT 119 OF "THIRTEENTH ADDITION TO GLEN ADDIE TERRACE, PART OF LOT 6 IN SECTION 12, T1N, R8W OF THE 3RD P.M., ST. CLAIR COUNTY, ILLINOIS"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS "68" ON PAGE 89.

PERMANENT PARCEL NO.: 08-12-0-104-022

COMMONLY KNOWN AS: 22 SARPY ROAD, SHILOH, ILLINOIS

**PARCEL 3:**
LOT 115 OF "THIRTEENTH ADDITION TO GLEN ADDIE TERRACE, PART OF LOT 6 IN SECTION 12, T1N, R8W OF THE 3RD P.M., ST. CLAIR COUNTY, ILLINOIS"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS "68" ON PAGE 89.

PERMANENT PARCEL NO.: 08-12-0-104-004

COMMONLY KNOWN AS: 14 SARPY ROAD, SHILOH, ILLINOIS

**PARCEL 4:**
NO RELIEF IS SOUGHT WITH RESPECT TO THIS PARCEL OF LAND.

**PARCEL 5:**
LOT 128 OF "THIRTEENTH ADDITION TO GLEN ADDIE TERRACE"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK PLATS "68" ON PAGE 89.

PERMANENT PARCEL NO.: 08-12-0-103-002

COMMONLY KNOWN AS: 306 BALTES DRIVE, SHILOH, ILLINOIS

**PARCEL 6:**
LOT NO. 10 OF "14TH ADDITION TO GLEN ADDIE TERRACE, BEING PART LOT 6 IN SECTION 12, T1N, R8W OF THE 3RD P.M., ST. CLAIR COUNTY, ILLINOIS"; REFERENCE BEING HAD TO THE PLAT THEREOF RECORDED IN THE RECORDER'S OFFICE OF ST. CLAIR COUNTY, ILLINOIS, IN BOOK OF PLATS "68" ON PAGE 91.

PERMANENT PARCEL NO.: 08-12-0-313-002

COMMONLY KNOWN AS: 2615 SIERRA DRIVE, SHILOH, ILLINOIS

B.   Plaintiff shall give notice of the sale by publishing a notice in a secular newspaper circulated to the general public in St. Clair County, Illinois, in the section of that newspaper where legal notices are commonly placed and also in the section of that newspaper where real estate other than real estate being sold as part of legal proceedings is commonly advertised for sale to the general public. The legal description of the premises may be omitted from the notice published in the section of the newspaper where real estate not being sold as part of legal proceedings is commonly advertised for sale. The Notice of Sale shall be published in such newspaper at least four (4) consecutive calendar weeks, once in each week, the first such notice to be published not more than forty-five (45) days prior to the date of sale and the last notice to be published not less than seven (7) days prior to the date of sale. No other notice, including posting, shall be required. In the event of adjournment of the sale, notice of the adjourned sale shall be given as directed by the Officer conducting the sale at the time of any such adjournment.

C.   The person named in the Notice of Sale to be contacted for information about the property to be sold shall not be required to provide any information other than that set forth in the Notice of Sale.

D.   The Officer conducting the sale shall solicit verbal bids at the time and place of the sale. The real estate shall be sold as is, without any warranty, subject to easements and restrictions of record as of the date this case became lis pendens, general taxes and special

assessments, if any, to the highest and best bidder.  Payment shall be made at the time of sale by cash, cashier's check or personal check accompanied by an irrevocable letter of credit issued by an Illinois Banking Corporation or a National Banking Association doing business in this Judicial District, unless plaintiff is the successful bidder at the sale, in which case plaintiff may set off against the purchase price to be paid the amounts due plaintiff under this judgment.  Upon full payment of the purchase price, the Officer conducting the sale may issue or order to be issued a Certificate of Sale to the successful bidder, in accordance with 735 ILCS 5/15-1507.

     E.    The Officer conducting the sale shall promptly make a report to the Court, which report shall include a copy of all Receipts of Sale.  Thereafter, on motion of plaintiff or any other party in interest, a hearing shall be conducted to confirm the sale.

     F.    The proceeds of sale shall be distributed in the following order of priority:

        1.    Payment of reasonable expenses of sale;

        2.    Payment of reasonable expenses incurred by plaintiff of securing possession before sale, holding, maintaining, and preparing the property for sale, including payment of taxes and other governmental charges, premiums on hazard and liability insurance, management fees, reasonable attorney fees and other legal expenses incurred by plaintiff;

        3.    Payment of the amounts found due plaintiff in this judgment;

        4.    The surplus, if any, to the defendant, as hereafter ordered by the Court.

     G.    Upon confirmation of the sale and payment of the purchase price and any other amounts required to be paid by the purchaser, the Officer conducting the sale shall promptly issue a Deed to the holder of the Certificate of Sale (or, if none is issued, the Receipt of Sale).

      H.      The Court retains jurisdiction of the subject matter of this cause and all parties for the purpose of enforcing this Judgment. The Court expressly finds there is no just reason for delay.

**DATED:**    July 10, 2013    **NANCY J. ROSENSTENGEL, Clerk of Court**

                **By:s/Deborah Agans, Deputy Clerk**

**Approved:**    <u>s/ J. Phil Gilbert</u>
                 **J. PHIL GILBERT**
                 **DISTRICT JUDGE**